### TOOKER v. SLOSSON and another.

A defendant who denies all interest in property, cannot be compelled to answer as to its after-value or contents. Thus, where a judgment-creditor charged fraud and that the defendant had an interest in a stock in trade and alleged its value, and the defendant showed he had no interest in it after a certain day and which was prior to filing the bill: *Held*, that he need not answer as to its value or as to the contents.

---

*Sept.* 15, 1842.

*Pleading.
Answer.
Exceptions.
Judgment
Creditor.*

ON exceptions to the master's report, allowing exceptions to the answer of the defendant William H. Slosson.

The judgment was obtained against the said defendant William H. Slosson; and the other defendant Henry Slosson was made a party on the allegation that a fraudulent transfer or sale had been made to him by the former.

The bill charged that the judgment debtor was a partner with one Ferguson in the grocery business; and an exception was taken, because this defendant had not answered the following allegation: "that there is a large and valuable stock of goods in said store" (of Ferguson & Slosson) " of the value of several thousand dollars; and that the same belongs to the said Alanson Ferguson and William H. Slosson as copartners; and that the said Ferguson & Slosson are not indebted, but for a small portion of said stock, the same having been nearly all paid for; and that the interest of the said Slosson therein, after payment of all the copartnership debts, will amount to considerably more than the amount of the claim of your orator against the said William

H. Slosson." Second exception : For that he had not answered &c., " that the said defendant and his copartner Alanson Ferguson purchased, for the said joint business, large quantities of groceries from different individuals, wholesale dealers in the city of New York and that said purchases were made for and on the credit given to the said William H. Slosson and Alanson Ferguson, they comprising the firm of Ferguson & Slosson."

The parts of the answer of the defendant William H. Slosson, bearing upon these allegations (contained in folios 16, 18, 19 of such answer) showed that he was not a copartner in the said concern of Ferguson & Slosson, nor had he been a copartner since the twenty-fourth day of November one thousand eight hundred and forty-one (which was prior to the filing of the bill) ; that he was a copartner up to that day, when this defendant executed such assignment as afore-said to Henry Slosson ; and that from and after that time such copartnership between this defendant and the said Ferguson ceased and from such time the defendant had no interest in the said concern of Ferguson & Slosson, otherwise than as a clerk for the said Henry Slosson ; and that, from and after such day, whatever groceries were purchased for such concern, were bought altogether by Alanson Ferguson and not by this defendant; and to whom the credit was given by the different individuals, wholesale grocers in the city of New York, from whom said groceries were purchased, this defendant could not, from his own knowledge or information say ; but this defendant denied that the said groceries were purchased for this defendant and the said Ferguson ; and that if any such groceries were purchased, the same were purchased for the said Alanson Ferguson and Henry Slosson, composing the firm of Ferguson & Slosson from and after the said twenty-fourth day of November one thousand eight hundred and forty-one.

Mr. *D. Egan,* for the complainant.

Mr. *A. Hastings,* for the defendant William H. Slosson.

THE VICE CHANCELLOR :—The defendant has answered

1842.

TOOKER
v.
SLOSSON.

so fully in relation to the dissolution of his partnership with Ferguson on the twenty-fourth day of November one thousand eight hundred and forty-one and has so positively denied throughout his answer that he had any interest in the business as a partner after such period that I do not see the propriety of allowing the first and second exceptions. It seems to me that all that is material about these two exceptions are answered in the twelfth and thirteenth and in the 16th, 18th and 19th folios of the answer. If, according to the denials, the defendant had no interest in the partnership property or business after the twenty-fourth day of November, then it is not material to know what the value of the property in the store was in the month of March one thousand eight hundred and forty-two when this bill was filed or the quantities of goods purchased by the continuing firm. He says the purchases were made altogether by Ferguson and not by him, nor on his credit but for Ferguson and William Slosson who composed the firm after the twenty-fourth day of November one thousand eight hundred and forty-one. If the defendant should be required to answer further he could but add to what he has already said, in order to be consistent, that which would be immaterial to the complainant to know.

*Order*, that the exceptions to the master's report be allowed, with costs to be taxed.